UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 19-037-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-126-DCR |
| ) | |
| JAMES E. WOOSLEY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant James Woosley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Consistent with the magistrate judge's Report and Recommendation, the motion will be dismissed as untimely because it was not filed within the applicable limitations period and equitable tolling does not apply.

**I.**

Woosley pleaded guilty to producing visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a). He was sentenced to 360 months' imprisonment on January 17, 2020. The United States Court of Appeals for the Sixth Circuit affirmed Woosley's sentence on November 2, 2020.

Woosley did not file a petition for a writ of certiorari to the United States Supreme Court and his conviction became final on January 31, 2021. *See* S. Ct. R. 13. Accordingly, the deadline for Woosley to file a motion under 28 U.S.C. § 2255 was January 31, 2022. *See Clay v. United States*, 537 U.S. 522, 532 (2003); § 2255(f).

The Court received Woosley's § 2255 motion to vacate, correct, or set aside his sentence based on claims of ineffective assistance of counsel on May 17, 2022. However, the motion is signed and dated November 13, 2021. Recognizing that the motion ostensibly was untimely, Woosley included a handwritten note, dated May 12, 2022, explaining why equitable tolling should apply to render the motion timely.

Consistent with local practice, the matter was referred to a United States Magistrate Judge for preparation of a Report and Recommendation. Following review of Woosley's motion, Magistrate Judge Candace J. Smith concluded that the reasons given in the handwritten statement did not warrant equitable tolling. However, she issued a show cause order giving Woosley an additional opportunity to demonstrate why his motion should not be dismissed as untimely.

Woosley responded by reiterating the statements accompanying his § 2255 motion. He again reported that he provided prison officials his § 2255 motion to be mailed to the court "on or about November 13, 2021." [Record No. 73, p. 2] Woosley contends that after family members checked PACER and learned the motion had not been filed with the Court, he resubmitted the motion to prison staff for mailing on May 12, 2022. Woosley attributes the initial delay to "numerous problems" with the prison mail system. He also suggests that prison officials intentionally tampered with his mail to prevent the motion from being filed.

## II.

This Court reviews *de novo* those portions of a Report and Recommendation to which a party objects, but the Court is not required to review a magistrate judge's factual or legal conclusions when neither party objects. *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Although neither party filed timely objections, the Court has reviewed the magistrate judge's Report and

Recommendation and agrees with the findings contained therein. As a threshold matter, the magistrate judge correctly determined that Woosley did not demonstrate that he is entitled to benefit from the prison mailbox rule because he offered no evidence showing prepayment of postage. *See* Rule 3(d) of the Rules Governing § 2255 Proceedings.

Further, the Court agrees that Woosley has not demonstrated that he is entitled to equitable tolling. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (explaining the two-part showing necessary to qualify for equitable tolling). First, Woosley fails to allege facts indicating that he pursued his rights diligently. He contends that he deposited his § 2255 motion in the prison mail on or about November 13, 2021, but apparently did not realize it had not been filed with the Court until May 2022. He has not provided any explanation for his failure to investigate the status of his motion during the intervening period.

Further, Woosley fails to establish that extraordinary circumstances beyond his control prevented timely filing of the motion. His allegations regarding the prison mailroom are based purely on speculation and he concedes that he has "no idea why the Court did not receive [his motion] in November 2021 whether it was lost, misplaced, or thrown out." The doctrine of equitable tolling should be applied sparingly and Woosley simply has not established that compelling equitable considerations exist in this case. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

The Court also agrees with the magistrate judge's determination that neither a hearing nor the appointment of counsel is necessary. Woosley has not identified any factual issues that need further development and the resolution of the issues raised are straightforward based on the record. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that there is no constitutional right to counsel in collateral attack on sentence); *Baker v. United States*, 781

F.2d 85, 92 (6th Cir. 1986) (explaining that hearings are not needed when the record shows defendant is not entitled to relief).

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the court "denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not debate whether Woosley's § 2255 motion should be dismissed as time-barred.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that

1. Defendant Woosley's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 [Record No. 69] is **DENIED.**

2. The Magistrate Judge's Report and Recommendation [Record No. 75] is **ADOPTED** and **INCORPORATED**, in full.

3. A certificate of appealability will not issue.

- 5 -

Dated: December 6, 2022.

*Danny C. Reeves*, Chief Judge
United States District Court
Eastern District of Kentucky